```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
-----------------------------X
CHRISTINE O'CONNER

      Plaintiff,                    MEMORANDUM AND ORDER

  -against-                  Civil Action No.
                                  CV-05-5708(DGT)(LB)
SEARS HOLDING CORPORATION,
HOMEDELIVERYAMERICA.COM, TRANSCOM
LEASING, and YURIS O. HENRIQUEZ,

      Defendants.

-----------------------------X
Trager, J:

      Pro se plaintiff Christine O'Conner ("plaintiff") brings this case against Sears Holding Corp. ("Sears"), HomeDeliveryAmerica.com, Transcom Leasing ("Transcom"), and Yuris O. Henriquez. Plaintiff alleges that Mr. Henriquez crashed into her parked car, causing significant damage to the car. Plaintiff further alleges that as a result of the damage done to the car, her Constitutional rights to privacy and travel have been violated. Plaintiff asserts that federal jurisdiction is conferred under 28 U.S.C. §§ 1331 and 1332. Defendants, with the exception of HomeDeliveryAmerica.com, move to dismiss plaintiff's claims for lack of subject matter jurisdiction and for failure to state a claim, pursuant to Rules (12)(b)(1) and (12)(b)(6) of the Federal Rules of Civil Procedure.

**Background**

**(1)**

On the morning of Septemeber 3, 2005, plaintiff alleges that a delivery truck driven by Yuris Henriquez crashed into plaintiff's legally parked 1987 Mercury Grand Marquis. Compl. ¶ 3. The delivery truck did not stop after the alleged accident, but continued to its destination. Id. ¶ 4. Plaintiff's husband followed the delivery truck on foot and recorded its license plate and commercial registration. Id. ¶ 5. The truck was delivering merchandise purchased from a Sears store. Id. ¶ 6. Sears contracted with HomeDeliveryAmerica.com for the delivery service. Id. HomeDeliveryAmerica.com subcontracted the delivery to Yuris Henriquez. Id. Mr. Henriquez leased the truck from Transcom Leasing Corporation. Id. The accident was subsequently reported to the police and an accident report was filed. Id. ¶ 7. Plaintiff made numerous attempts to contact the different parties involved in the accident, to no avail. Id. ¶¶ 8-11. Unable to receive any payment, plaintiff put the damaged car in storage before initiating this litigation. The cost of the storage thus far is $2,730. Id. ¶ 14. The car's value, as represented by the National Automobile Dealers Association, is $1,750. Id. ¶ 12.

As a result of the accident, plaintiff feels that her right to travel, and to privacy have been violated. Id. ¶ 15. She has

been forced to rely on public transportation and the good will of others to travel to work and other places.  Id.  Plaintiff had to make cumbersome arrangements to travel to her annual Thanksgiving dinner in Maryland.  Id.  Plaintiff's husband was previously taken to his doctor appointments in the car and now has to make different arrangements.  Id.  Plaintiff alleges that all of these inconveniences have grossly affected her quality of life and have interfered with her ability to conduct her family affairs as she desires.  Plaintiff requests as compensatory damages the storage fees and the cost of repairing her car and $175,000 in punitive damages.

## Discussion

### (1)

### Standard of Review

A motion to dismiss is granted when the plaintiff's complaint lacks certain essential elements.  In the current case, two deficiencies are alleged: (1) the court does not have jurisdiction over the subject matter of the claim, (Fed. R. Civ. P. (12)(b)(1)); and (2) the claims made by plaintiff have no remedy under existing law, (Fed. R. Civ. P. (12)(b)(6)).

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction."  Seabury v. New York, No. 06-1477,

2006 WL 1367396, at *5 (E.D.N.Y 2006) (quoting <u>Lyndonville Sav. Bank & Trust Co. V. Lussier</u>, 211 F.3d 697, 700-01 (2d Cir. 2000)). Therefore, although defendant HomeDeliveryAmerica.com has not filed a motion to dismiss with this court, the jurisdictional question must be raised by the court sua sponte. <u>Id.</u>

When a claim is filed <u>pro se</u> the Court is directed to apply a more flexible standard in evaluating the sufficiency of the claim. <u>Lerman v. Bd. of Elections</u>, 232 F.3d 135, 140 (2d Cir. 2000). The complaint must be liberally construed to allow for any inference of a valid complaint. <u>Id.</u> "In order to justify the dismissal of the plaintiff's <u>pro se</u> complaint, it must be beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Id.</u> (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972)) (internal quotations omitted).

Plaintiff argues that federal jurisdiction is appropriate under federal question jurisdiction because her Constitutional rights have been violated and under diversity jurisdiction. Each of these contentions are considered in turn.

4

**(2)**

**Federal Question Jurisdiction**

Federal jurisdiction is granted for all "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff asserts that her Constitutional rights to travel and to privacy were violated when Mr. Henriquez allegedly crashed into her parked car. As such, plaintiff believes her case belongs in federal court.

Federal question jurisdiction is inappropriate in this case because the defendants are private actors, not governmental entities. It is axiomatic "that the general protections of the Fourteenth Amendment do not extend to private conduct abridging individual rights." N.C.A.A. v. Tarkanian, 488 U.S. 179, 191 (1988); Rohan v. A.B.A., No. 93-1338, 1995 WL 347035, at *4 (E.D.N.Y. 1995). Even if some Constitutional tort were to lie, Section 1983 and Bivens actions protect citizens from government interference with certain rights, and not from private action. In the present case, the defendants are private citizens, not government actors. There is absolutely no allegation that the defendants were acting under the authority of the state or performing a purely public function. See id. Therefore, there is no federal question jurisdiction over this claim.

**(3)**

**Diversity Jurisdiction**

Federal diversity jurisdiction is granted when the plaintiff and defendant reside in different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The party invoking federal jurisdiction has the burden of proving "to a reasonable probability" that the amount in controversy is satisfied. Tongkook Am. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994). The first requirement of diversity jurisdiction is satisfied as plaintiff is a resident of New York, while the defendants reside in New Jersey and Illinois. However, the second requirement, amount in controversy, is not met.

Plaintiff cannot make baseless claims in order to reach the amount in controversy. If there is legal certainty that the plaintiff could not recover the amount necessary for diversity jurisdiction, federal jurisdiction is not appropriate. Id. The court may make this determination on the basis of the pleadings, or later in the pre-trial proceedings. See Bronkovic v. Sandholm, No. 95-3134, 1996 WL 743346 (E.D.N.Y. 1996) (granting motion to dismiss when there was a legal certainty that the amount in controversy was not satisfied); Myers v. Long Island Lighting Co., 623 F. Supp. 1076, 1078-1080 (E.D.N.Y. 1985) (same); Graubart v. Jazz Images, Inc., No. 02-4645, 2006 WL 1140724, at *1 (S.D.N.Y. 2006) (same). When punitive damages

are used to satisfy the amount in controversy requirement, the trial judge is accorded greater discretion than for a claim of actual damages, and special judicial scrutiny is triggered. <u>Zahn v. International Paper Co.</u>, 469 F.2d 1033, 1034 n.1 (2d Cir.1972); <u>Miller v. European Am. Bank</u>, 921 F. Supp. 1162, 1167 (S.D.N.Y. 1996).

Plaintiff's actual costs arising out of the damage to her car amount to a few thousand dollars. In order to reach the threshold amount, she claims punitive damages of $175,000. Under diversity jurisdiction, the law of the forum state is applied. <u>Bank of N.Y. v. Amoco Oil Co.</u>, 35 F.3d 643, 650 (2d Cir. 1994). As such, we look to state law to determine whether punitive damages in this amount are appropriate.

It is unclear for which incident plaintiff is claiming punitive damages. There are two possible grounds for punitive damages in this case: (1) the accident and damage done to her car; and (2) the violation of her right to privacy. As will be explained, neither of these claims are grounds for punitive damages as a matter of law.

**a. Punitive Damages For The Car Accident**

Under New York State law, punitive damages are appropriate when "the defendant's conduct is intentional and deliberate, has

fraudulent or evil motive, and has the character of outrage frequently associated with crime."  Morsette v. "The Final Call", 309 A.D.2d 249, 254, 764 N.Y.S.2d 416, 420 (1st Dep't 2003) (citing Prozeralik v. Capital Cities Commc'ns., Inc., 82 N.Y.2d 466, 479, 626 N.E.2d 34, 605 N.Y.S.2d 218 (1993)).  In car accidents, the "conduct generally must be so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others."  Trudeau v. Cooke, 2 A.D.3d 1133, 1134, 769 N.Y.S.2d 322, 323 (3d Dep't 2003) (denying a request for punitive damages when the defendant was driving while intoxicated). Rather than alleging such behavior, plaintiff's allegations are that defendant failed to stop after crashing into her parked car. No punitive damages would lie in such an action.  See Taylor v. Dyer, 190 A.D.2d 902, 903, 593 N.Y.S.2d 122, 123-124 (3d Dep't 1993) (denying request for punitive damages even though defendant admitted to consuming alcohol prior to crashing into plaintiff, and then fled the scene of the accident).

**b. Punitive Damages for Violating Plaintiff's Right to Privacy**

As discussed previously, plaintiff cannot bring a Federal Constitutional claim against a purely private actor.  Supra 4-5. However, plaintiff may have attempted to allege a state tort right to privacy.  Punitive damages are still inappropriate

because New York has no common law claim for an invasion of privacy. Costanza v. Seinfeld, 181 Misc.2d 562, 564, 693 N.Y.S.2d 897, 899 (Sup. Ct. N.Y. County 1999) (granting motion to dismiss because no common law claim for privacy exists (citing Howell v. New York Post Co., Inc., 81 N.Y.2d 115, 612 N.E.2d 699, 596 N.Y.S.2d 350 (1993))). The only privacy rights recognized in New York are afforded by the Civil Rights Law. Id. The Civil Rights law details two instances where a privacy right is actionable; when one's name or likeness is misappropriated; or when the identify of sex crime victim is wrongfully revealed. Id. Plaintiff's claim does not fall within either of these categories, and therefore, no punitive damages can be awarded.

Plaintiff has failed to state any cognizable claims for punitive damages. Her compensatory damages amount to a few thousand dollars. As such, she has failed to satisfy the amount in controversy necessary for diversity jurisdiction. Bronkovic, 1996 WL 743345.

**(4)**

**Conclusion**

Plaintiff has failed to assert any grounds for federal jurisdiction, either through federal question or diversity. Plaintiff would be well served to file her claims in state court, where they rightly belong. See Myers, 623 F. Supp. at 1080 (advising plaintiff to re-file claim in state court after federal jurisdiction was absent). The Clerk of the Court is hereby directed to enter judgment for the defendants, dismissing plaintiff's action without prejudice.

Dated: Brooklyn, New York
      August   , 2006

                                          SO ORDERED:

                                          David G. Trager
                                          United States District Judge